UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CHARLES HARRIS,

    Plaintiff,

 v.

MIGUEL BALDERAMA, ROSE, JOHN DOE,

    Defendants.

CASE NO. 3:16-CV-06054-BHS-DWC

ORDER ON DEFENDANTS' MOTIONS TO DISMISS

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court are Defendant Balderama's Motion to Dismiss Pursuant to FRCP 12(b)(6) and Defendant Rose Rains, LPN's[1] Motion to Dismiss Pursuant to FRCP 12(b)(6). Dkt. 10, 14.

The Court finds Plaintiff has failed to state a claim upon which relief can be granted in the Complaint. Therefore, the Court grants the Motions (Dkt. 10, 14), but gives Plaintiff leave to file an amended complaint. Plaintiff must file an amended complaint on or before July 17, 2017.

---

[1] In the Complaint, Plaintiff incorrectly identified Defendant Rose Rains as Defendant Nurse Rose. Dkt. 4. The Court will refer to Defendant Nurse Rose by her correct name, Defendant Rains. *See* Dkt. 14.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS - 1

## I. Background

Plaintiff Ray Charles Harris, a pre-trial detainee at the Pierce County Jail ("the Jail") at all relevant times, alleges Defendants Balderama and Rains violated Plaintiff's constitutional rights. Dkt. 4. Specifically, Plaintiff alleges Defendants Balderama and Rains denied Plaintiff medical care for his AIDS treatment and Defendant Balderama retaliated against Plaintiff because Plaintiff filed a grievance and lawsuit. *Id*.

Defendant Balderama filed his Motion to Dismiss on April 27, 2017. Dkt. 10. Plaintiff filed a Response and Defendant Balderama filed a Reply. Dkt. 17, 19. Defendant Rains filed her Motion to Dismiss on May 1, 2017. Dkt. 14. Plaintiff filed a Response and Defendant Rains filed a Reply. Dkt. 18, 20. Plaintiff filed a second Response to both Motions to Dismiss on May 31, 2017, after both Motions were ready for the Court's consideration. Dkt. 21. As Plaintiff is proceeding *pro se* and Defendants did not object to the second Response, the Court also considered Plaintiff's second Response in ruling on the Motions to Dismiss.

## II. Standard of Review

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

**III.     First Amendment Retaliation**

Plaintiff alleges Defendant Balderama retaliated against him because he filed a grievance and a lawsuit. Dkt. 4.[2] To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged

---

[2] Plaintiff did not provide factual allegations showing Defendant Rains retaliated against him. *See* Dkt. 4.

in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Here, Plaintiff alleges, in a conclusory manner, Defendant Balderama ignored Plaintiff's medical needs out of retaliation for Plaintiff filing a grievance against Defendant Balderama in 2014 and filing a lawsuit against three other Jail officials in 2015. Dkt. 4, p. 5. Plaintiff fails to provide factual allegations showing Defendant Balderama's actions were in retaliation for Plaintiff filing the grievance and lawsuit. For example, Plaintiff does not allege how Defendant Balderama was on notice of the lawsuit and he does not provide the necessary connection between a single kite Plaintiff filed a year before the alleged retaliation and the alleged retaliatory conduct. Further, Plaintiff does not explain what actions Defendant Balderama took which showed he ignored Plaintiff's medical needs out of retaliation. *Id*. Plaintiff merely speculates Defendant Balderama ignored Plaintiff's medical needs in retaliation for Plaintiff exercising his First Amendment rights. Therefore, Plaintiff has failed to state a retaliation claim against Defendant Balderama. *See Burriola v. Nevada Dep't of Corr.*, 466 F. App'x 594, 596 (9th Cir. 2012) (granting summary judgment when there were not facts showing the guard who allegedly retaliated against the prisoner knew of the protected activity); *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1163 (E.D. Wash. 2014) (finding the "mere fact adverse action occurred *one year* after [the plaitniff's] TRO was resolved is insufficient to support a claim of retaliation").

## IV. Eighth Amendment Deliberate Indifference

Plaintiff also alleges Defendants Balederama and Rains acted with deliberate indifference to Plaintiff's serious medical need by denying him adequate treatment for his AIDS. Dkt. 4. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious

medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

   A. Defendant Rains

Plaintiff alleges Defendant Rains did not give Plaintiff his HIV medication on two occasions, which caused the HIV medication to move towards resistance. Dkt. 4, p. 4. He states Defendant Rains also neglected to draw his CD4 and viral load after an unknown doctor ordered the blood draw. *Id*. at p. 5. Plaintiff contends he sent several kites and messages to Defendant Rains requesting the blood draw, but his requests went unanswered. *Id*. Plaintiff believes Defendant Rains did not complete the blood draw because she was protecting two people who impersonated witnesses during Plaintiff's criminal trial. *Id*. at p. 7.

Plaintiff has not alleged facts sufficient to show Defendant Rains acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff alleges, in a conclusory manner, Defendant Rains did not give him his medication on two occasions. He does not allege she was responsible for giving him his medication or provide sufficient facts to show Defendant Rains was aware Plaintiff needed the medication. Plaintiff states only that Defendants mentioned in the Complaint were aware of Plaintiff's medical needs. However, conclusory statements are not sufficient to state a claim. Plaintiff must provide specific facts showing how Defendant Rains was aware of his serious medical needs and how her actions resulted in deliberate indifference to Plaintiff's need. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Jones*, 733 F.2d at 649.

Plaintiff has also failed to show Defendant Rains' failure to complete a CD4 and viral load draw violated his constitutional rights. Plaintiff alleges only that Defendant Rains neglected

to perform the blood draw. Dkt. 4, p. 5. He does not provide factual allegations showing she failed to perform the blood draw with knowing disregard for Plaintiff's serious medical needs. Further, Plaintiff does not allege Defendant Rains was aware of the doctor's orders to complete the blood draw. *See* Dkt. 4, p. 5. Rather, he alleges only that Defendant Rains neglected to complete blood draw after Plaintiff sent requests to Defendant Rains asking for the blood draw to be completed. *Id*. Thus, Plaintiff, at most, alleges Defendant Rains did not agree with Plaintiff's request for a CD4 and vial load draw. Plaintiff's disagreement with Defendant Rains' medical opinion is not sufficient to state an Eighth Amendment deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (finding mere differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim).

B. Defendant Balderama

Plaintiff alleges Defendant Balderama neglected to draw Plaintiff's CD4 and viral load. Dkt. 4, p. 6. Plaintiff states he had ten emergency call-outs, and Defendant Balderama did not complete the blood draw during the call-outs. *Id*. Plaintiff believes Defendant Balderama did not complete the blood draw because he was protecting two people who impersonated witnesses during Plaintiff's criminal trial. *Id*. at p. 7.

Plaintiff fails to allege facts sufficient to show Defendant Balderama was aware of Plaintiff's alleged need for a blood draw. Plaintiff also does not allege Defendant Balderama was present during any of the medical examinations or on notice of Plaintiff's medical condition. Plaintiff appears to allege Defendant Balderama is liable because he is the supervisor at the Jail. *See* Dkt. 4, p. 3. A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor is only liable for the constitutional violations of his or her

subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Here, Plaintiff does not allege with necessary specificity that Defendant Balderama participated in or directed the alleged violations or knew of the violations and failed to prevent them. Plaintiff's conclusory allegations are not sufficient to show Defendant Balderama acted with deliberate indifference to Plaintiff's serious medical needs. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding a plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint and sweeping conclusory allegations are insufficient to state a claim for relief); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

    C.  Conclusion

The Court finds Plaintiff has failed to allege facts sufficient to state an Eighth Amendment claim against either Defendant Rains or Defendant Balderama. Accordingly, the Court finds Defendants' Motions to Dismiss (Dkt. 10, 14) must be granted.

**V.    Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendants Balderama and Rains are liable under § 1983. However, Plaintiff was not notified of the deficiencies in his Complaint and has not been given an opportunity to amend his Complaint. At this time, the Court cannot conclude Plaintiff is unable to overcome the deficiencies of the Complaint if he is given an opportunity to amend.

1   Accordingly, the Court grants the Motions to Dismiss, but gives Plaintiff leave to amend
2   to attempt to cure the deficiencies of his Complaint.[3]

### VI.     Instructions to Plaintiff

The Court orders Plaintiff to file an amended complaint on or before July 17, 2017. Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

Any new claims raised in the amended complaint must relate to the allegations contained in the Complaint. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U .S.C. § 1915(g)). Thus, Plaintiff may not change the nature of his suit by adding new, unrelated claims in his amended complaint. *Id*. (no "buckshot" complaints).

---

[3] The dismissal of claims with leave to amend is a non-dispositive matter. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).Therefore, in the interest of judicial efficiency and because the Court is granting leave to amend, the Court enters an order granting the Motions to Dismiss, not a Report and Recommendation. *See Hopkins v. Washington State Special Commitment Center Chief Medical Director*, 2016 WL 3364933 (W.D. Wash. June 17, 2016) (finding dismissal with leave to amend is non-dispositive and considering objections under Federal Rule of Civil Procedure 72(a)).

Failure to file an amended complaint on or before July 17, 2017 will result in the Court recommending dismissal of this lawsuit.

**VII.  Conclusion**

The Court finds Plaintiff has failed to sufficiently state a claim against Defendants Balderama and Rains. Therefore, Defendants' Motions to Dismiss (Dkt. 10, 14) are granted. However, the Court finds Plaintiff may be able to cure the deficiencies of his Complaint and, thus, Plaintiff is given leave to amend the Complaint. The amended complaint must be filed on or before July 17, 2017.

The Clerk is directed to provide Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to provide a copy of this Order to Plaintiff.

Dated this 15th day of June, 2017.

David W. Christel
United States Magistrate Judge