UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CHARLES HARRIS,

    Plaintiff,

 v.

MIGUEL BALDERAMA and ROSE RAINS,

    Defendants.

CASE NO. 3:16-cv-06054-BHS-DWC

ORDER ON DEFENDANTS' MOTIONS TO DISMISS

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

  Plaintiff Ray Charles Harris alleges his Eighth and Fourteenth Amendment rights were violated when Defendants failed to provide him with adequate HIV treatment. Both Defendants filed a Motion to Dismiss, claiming Plaintiff has not alleged deliberate indifference by the Defendants, he has made a conclusory Fourteenth Amendment claim, and he has not exhausted his administrative remedies. The Court finds Plaintiff has failed to state a claim upon which

relief can be granted because he alleges mere negligence on the part of Defendants and does not provide enough facts to allege a Fourteenth Amendment violation. Therefore, the Court grants Defendants' Motions (Dkts. 26, 28), but gives Plaintiff leave to file a Second Amended Complaint. Plaintiff must file the Second Amended Complaint on or before November 20, 2017.

## STANDARD OF REVIEW

A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1990)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied,* 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting

*Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## MATERIALS FOR CONSIDERATION

Generally, a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Therefore, the Court examines Plaintiff's Amended Complaint (Dkt. 22), Defendants' Motions to Dismiss (Dkts. 26, 28), Plaintiff's Response (Dkt. 30), and Defendants' Replies (Dkt. 31, 32). The Court notes Plaintiff has also filed a Response to Defendants' Replies (Dkt. 35). However, Local Civil Rule 7(b) does not provide for such a filing. Therefore, the Court will not consider it.

## BACKGROUND

Plaintiff, a pre-trial detainee at the Pierce County Jail at all relevant times, originally filed this action alleging Defendants violated his First and Eighth Amendment rights. Dkt. 4. Both Defendants file a motion to to dismiss (Dkt. 17, 19), and the Court granted their motions (Dkt. 22). However, the Court gave Plaintiff leave to file an Amended Complaint. *Id*.

Plaintiff subsequently filed an Amended Complaint, alleging Defendants' violated his Eighth and Fourteenth Amendment Rights when they failed to provide him with treatment related to his HIV. Dkt. 23. Both Defendants again filed a motion to dismiss, claiming Plaintiff has not alleged facts sufficient to establish a claim for which relief can be granted. Dkt. 26, 28.

# DISCUSSION

## I.     Eighth Amendment Deliberate Indifference

Defendants argue Plaintiff has not pled facts that could reasonably be interpreted as showing deliberate indifference in violation of the Constitution. As the Court has already noted in its previous Order:

> Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).
>
> A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.
>
> If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Dkt. 22 at 5-6.

Here, though Plaintiff has amended his Complaint and more particularly explained Defendant Rains' alleged actions, the facts he presents do not rise to the level of deliberate

indifference. Plaintiff alleges Defendant Rains failed to order his HIV medication on "two or three occasions," thus depriving him of much needed treatment. Dkt. 23 at 3. He further states "upon information and belief" that he was "blacklisted from receiving HIV treatment by [both] defendants . . . ." *Id*. at 4. He also alleges both Defendants prevented him from undergoing HIV tests that would have indicated his strain of HIV had become resistant to his medication because he did not have consistent access to that medication. *Id*. at 5-6.

Plaintiff certainly has a serious medical condition. Thus, the Court must determine whether Plaintiff pleads facts to indicate deliberate indifference. Here, even read liberally, Defendants alleged actions do not amount to deliberate indifference, but rather mere negligence. Negligence alone is not enough to indicate deliberate indifferent in violation of the Eight Amendment's protections. Defendants must know of and disregard an excessive risk to inmate health to establish deliberate indifference. *Farmer*, 511 U.S. at 837. Though Plaintiff alleges both Defendants knew of his HIV status, failure to submit a medication order, without a showing that Defendant Rains did so while purposefully ignoring the risk to Plaintiff, is not sufficient. Similarly, Plaintiff has not explained the actions Defendants took to block his access to his HIV test. Instead, he makes a conclusory statement that they "blacklisted" him from treatment. This is not enough to show deliberate indifference. As a result, Plaintiff's Amended Complaint has not yet alleged a claim for which relief can be granted. Therefore, the Court recommends granting Defendants' Motions to Dismiss, but provides Plaintiff leave to file a Second Amended Complaint.

**II.     Supervisory Liability of Defendant Balderama**

Defendant Balderama contends Plaintiff has only alleged supervisory liability against him, thereby neglecting to allege personal participation as required in a § 1983 action. The Court has

already explained this deficiency to Plaintiff in the Court's previous Order Granting Defendants' Motions to Dismiss with Leave to Amend (Dkt. 22):

> Plaintiff alleges Defendant Balderama neglected to draw Plaintiff's CD4 and viral load. Dkt. 4, p. 6. Plaintiff states he had ten emergency call-outs, and Defendant Balderama did not complete the blood draw during the call-outs. *Id*. Plaintiff believes Defendant Balderama did not complete the blood draw because he was protecting two people who impersonated witnesses during Plaintiff's criminal trial. *Id*. at p. 7.
>
> Plaintiff fails to allege facts sufficient to show Defendant Balderama was aware of Plaintiff's alleged need for a blood draw. Plaintiff also does not allege Defendant Balderama was present during any of the medical examinations or on notice of Plaintiff's medical condition. Plaintiff appears to allege Defendant Balderama is liable because he is the supervisor at the Jail. *See* Dkt. 4, p. 3. A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Here, Plaintiff does not allege with necessary specificity that Defendant Balderama participated in or directed the alleged violations or knew of the violations and failed to prevent them. Plaintiff's conclusory allegations are not sufficient to show Defendant Balderama acted with deliberate indifference to Plaintiff's serious medical needs. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding a plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint and sweeping conclusory allegations are insufficient to state a claim for relief); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Dkt. 22 at 7-8.

Here, Plaintiff's allegations suffer from nearly identical deficiencies. Plaintiff has not explained how Defendant Balderama personally participated in the deprivation of his HIV medication, or how his actions or inactions directly contributed to Plaintiff's alleged injuries. *Taylor*, 880 F.2d at 1045. Though Plaintiff alleges both Defendant Balderama and Defendant Rains denied him access to his HIV test, he makes a bare assertion without alleging supporting

facts. A mere conclusory allegation is not sufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Further, Plaintiff states Defendant Balderama witnessed, but failed to correct, Plaintiff Rains's allegedly unlawful conduct. Dkt. 23 at 6. However, he makes this allegation in another conclusory paragraph, stating he violated the Fourteenth Amendment but providing nothing in addition. *Id*. This conclusory allegation is not sufficient to allege personal participation. Because Plaintiff has not meaningfully alleged personal participation, Plaintiff's Complaint has not yet stated a claim for which relief can be granted. Therefore, the Court grants Defendants Motions to Dismiss on this ground as well, but provides Plaintiff with leave to file a Second Amended Complaint.

### III.     Fourteenth Amendment Claim

Defendant Balderama also contends Plaintiff does not plead facts sufficient to establish a violation of the Fourteenth Amendment. As noted above, Plaintiff may not rely on conclusory statements in a complaint or "formulaic recitation[s] of the elements of a cause of action" to survive a Motion to Dismiss. *Twombly*, 550 U.S. at 555. Here, Plaintiff states "[b]y witnessing Defendant Rains's illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct, Defendant Balderama is also violating Plaintiff's rights under the Fourteenth Amendment . . . ." Dkt. 23 at 6. He does not explain the actual circumstances surrounding the alleged violation, but simply recites the elements of supervisory liability under § 1983. This conclusory statement is not enough to state a claim on which relief can be granted. Therefore, the Court grants Defendants' Motions to Dismiss on this ground and provides Plaintiff with leave to file a Second Amended Complaint.

**IV. Exhaustion of Administrative Remedies**

Defendant Rains also alleges Plaintiff did not properly exhaust his administrative remedies before filing this action. A prisoner must exhaust all available administrative remedies before seeking judicial relief from the Court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The Court does not have discretion to ignore this requirement, even if the prisoner demonstrates "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016). However, a prisoner "need not exhaust remedies if they are not 'available.'" *Id*. at 1855. If prison staff improperly processes a grievance, effectively blocking the grievance process, the prisoner has properly exhausted his administrative remedies. *See Andres v. Marshall*, 867 F.3d 1076, 1078-79 (9th Cir. 2017). Finally, a prisoner must still comply with both the substantive and the procedural requirements of the grievance process to properly exhaust his remedies. *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017).

Plaintiff first alleges another inmate filed a grievance on his behalf and Defendant Balderama failed to respond to the grievance. Dkt. 23 at 6. Yet, in his Response to Defendants' Motions, he states he himself filed the grievance. Dkt. 30 at 6. If Plaintiff filed a grievance and Defendant Balderama failed to respond, he will have exhausted his available remedies. Plaintiff cannot avail himself of the entire grievance process if Defendant will not process his grievance. *Andres*, 867 F.3d at 1078-79. However, if Plaintiff enlisted another inmate to file the grievance for him, Defendant Balderama's alleged silence may be justified. Plaintiff may have failed to follow the procedural requirements of the grievance process, thereby not properly exhausting his administrative remedies. *Manley*, 847 F.3d at 711.

Because Plaintiff has presented contradictory facts, and because the Court has already granted Defendants' Motions to Dismiss on other grounds, the Court declines to rule on whether

Plaintiff has properly exhausted his administrative remedies. However, if Plaintiff files a Second Amended Complaint, he may clarify whether he filed the grievance himself. Defendants may also, in their subsequent pleadings related to Plaintiff's Second Amended Complaint, re-raise this defense and explain how Plaintiff did not properly exhaust his administrative remedies.

**V.      Leave to Amend**

Based on the Complaint before the Court, Defendants are entitled to have their Motions to Dismiss granted as to all of Plaintiff's claims. However, the Ninth Circuit has established that *pro se* litigants bringing civil rights actions must be given opportunity to amend their complaint to overcome deficiencies unless it is clear such deficiencies cannot be overcome by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Here, Plaintiff may be able to overcome the deficiencies of his pleading if he is given a second opportunity to amend his claims. Therefore, the Court grants Defendants' Motions to Dismiss, but gives Plaintiff leave to file a Second Amended Complaint.[1] Plaintiff may submit a Second Amended Complaint amending all deficiencies identified herein. Further, as this the second time in this case the Court has granted leave to amend in light of successful Motions to Dismiss, the Court will not look favorably on further leave to amend if Plaintiff is unable to correct the deficiencies the Court has identified here and in its previous Order.

**VI.      Instructions to Plaintiff**

The Court orders Plaintiff to file a Second Amended Complaint on or before November 20, 2017. Plaintiff shall present the Second Amended Complaint on the form provided by the

---

[1] The dismissal of claims with leave to amend is a non-dispositive matter. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).Therefore, in the interest of judicial efficiency and because the Court is granting leave to amend, the Court enters an order granting the Motions to Dismiss, not a Report and Recommendation. *See Hopkins v. Washington State Special Commitment Center Chief Medical Director*, 2016 WL 3364933 (W.D. Wash. June 17, 2016) (finding dismissal with leave to amend is non-dispositive and considering objections under Federal Rule of Civil Procedure 72(a)).

Court. The Second Amended Complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint by reference. The Second Amended Complaint will act as a complete substitute for the Amended Complaint, and not as a supplement.

Any new claims raised in the Second Amended Complaint must relate to the allegations contained in the Amended Complaint. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)). Thus, Plaintiff may not change the nature of his suit by adding new, unrelated claims in his Second Amended Complaint. *Id*. (no "buckshot" complaints).

Failure to file a Second Amended Complaint on or before November 20, 2017 will result in the Court recommending dismissal of this action.

**CONCLUSION**

For the reasons set forth above, the Court grants Defendants' Motions to Dismiss (Dkts. 26, 28), but grants Plaintiff leave to file a Second Amended Complaint. In that Complaint, Plaintiff must explain the actions each Defendant took and how they directly harmed him. If he again claims deliberate indifference, he must plead facts to demonstrate Defendants both knew of his condition and remained deliberately indifferent in their actions. Bald assertions or allegations of negligence will be insufficient.

The Clerk is directed to provide Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to provide a copy of this Order to Plaintiff.

Dated this 19th day of October, 2017.

David W. Christel
United States Magistrate Judge