UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>MIGUEL BALDERAMA, et al.,<br><br>    Defendant. | CASE NO. 3:16-CV-06054-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 22, 2017 |

    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. On November 1, 2017, Plaintiff Ray Charles Harris filed a Motion for Extension of Time. Dkt. 39. He subsequently filed his Motion for Voluntary Dismissal and Waiver of the Filing Fee ("Motion"). Dkt. 41. Defendant Balderama filed his Response stating he has no opinion and leaving the decision to dismiss to the Court's discretion. Dkt. 42.

    After review of the Motion and Response, the undersigned recommends the District Court grant Plaintiff's Motion and dismiss his cause of action. However, the Court recommends

his request to waive the filing fee be denied. The Court further recommends Plaintiff's Motion for Extension of Time (Dkt. 39) be denied as moot.

## BACKGROUND

Plaintiff filed this action in December of 2016. Dkt. 1. Defendants filed two Motions to Dismiss (Dkts. 10, 14) which the Court granted (Dkt. 22). However, the Court provided Plaintiff with leave to file an amended complaint. *Id*. Plaintiff filed his Amended Complaint in June of 2017. Dkt. 23. Defendants again filed two Motions to Dismiss (Dkts. 26, 27) which the Court granted, again providing Plaintiff with leave to file an amended complaint (Dkt. 38). Plaintiff then filed a Motion for Extension of Time, requesting the Court give him until December 20, 2017 to file another amended complaint. Dkt. 39. While that motion was still pending, Plaintiff filed his current Motion, asking that he be allowed to voluntarily dismiss his action. Dkt. 41. Defendant Balderama filed a response, stating he takes no position on whether the Court should grant the Motion. Dkt. 42. The other named Defendants did not file a response.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has filed an answer or motion for summary judgment, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Here, dismissal is appropriate. Defendants have not filed an answer or a motion for summary judgment. Rather, Defendants filed several Motions to Dismiss (Dkts. 10, 14, 26, 27) which do not preclude a voluntary dismissal by Plaintiff. *See American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108, 1111 (9th Cir. 1999). Further, Plaintiff has not previously dismissed an action based on the same claim. Finally, Defendant Balderama does not oppose Plaintiff's Motion and the other Defendants have not filed responses to the Motion. Voluntary dismissal is therefore appropriate. The Court recommends Plaintiff's action be dismissed without prejudice.

However, the Court recommends Plaintiff's request to waive his filing fee be denied. 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of a plaintiff's filing fee or to return the filing fee after dismissal of an action. "Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. The Prison Litigation Reform Act ("PLRA") has no provision for return of fees partially paid or for cancellation of the remaining fee. *See Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir. 2001) (inmates who proceeded pro se and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* at 261 (quoting *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Accordingly, to the extent Plaintiff is requesting the Court waive his filing fee, the Court recommends his Motion be denied.

1     Finally, because the Court recommends Plaintiff's action be dismissed without prejudice, the Court further recommends Plaintiff's Motion for Extension of Time (Dkt. 39) be denied.

**CONCLUSION**

For the foregoing reasons, the Court recommends Plaintiff's action be dismissed without prejudice. The Court further recommends that Plaintiff's request to waive his filing fee and Plaintiff's Motion for Extension of Time be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 22, 2017, as noted in the caption.

Dated this 7th day of December, 2017.

David W. Christel
United States Magistrate Judge